1  SNELL & WILMER L.L.P.
Michele Sabo Assayag
2  massayag@swlaw.com
600 Anton Blvd, Suite 1400
3  Costa Mesa, California  92626-7689
Telephone:    714.427.7000
4  Facsimile:    714.427.7799

5  Attorneys for Secured Creditor
Bank of America, N.A.

6

7

8              UNITED STATES BANKRUPTCY COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                      LOS ANGELES

11

12  MOON COLLECTION, INC.,                    Case No. 2:21-BK-12674-BB

13              Debtor                         Chapter 7

14                                             **MOTION OF SECURED PARTY,
                                               BANK OF AMERICA, N.A., TO**
15                                             **APPROVE STIPULATION OF THE
                                               PARTIES REGARDING**
16                                             **MODIFICATION OF THE
                                               AUTOMATIC STAY AND RELIEF**
17                                             **FROM TURNOVER PURSUANT TO
                                               11 U.S.C. § 543(D)**

18                                             Date:      June 1, 2021
19                                             Time:      10:00 a.m.
                                               Judge:     Sheri Bluebond
20

21

22                      **<u>MOTION</u>**

23        Secured Creditor, Bank of America, N.A. ("Bank"), hereby moves this Court to approve

24  the Stipulation of the Parties Regarding Modification of the Automatic Stay and Relief From

25  Turnover pursuant to 11 U.S.C. § 543(d), as set forth in the attached Exhibit A ("Stipulation"), and

26  requests that the Court enter an Order modifying the automatic stay of bankruptcy to the extent

27  necessary to permit David P. Stapleton, the duly appointed receiver in *Bank of America, N.A. v.*

28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

*Moon Collection, Inc.,* Los Angeles Superior Court Case No. 20STCV29150 ("Receivership Case"), to take possession of the books, records, and computers of Debtor, Moon Collection, Inc., ("Debtor"), as described in further detail below, to the extent and on the terms set forth in the Stipulation and pursuant to the orders entered in the Receivership Case. In support of this Motion, the Bank states as follows:

## FACTUAL BACKGROUND

A.    On or about June 4, 2019, Bank made a Loan (the "Loan") to Debtor in the original, principal amount of $5,000,000.00, which Loan was secured by certain personal property of Debtor, including, but not limited to, all accounts, chattel paper, instruments, contract rights, general intangibles, inventory, and all proceeds and profits thereof (collectively, the "Collateral").

B.    Following Debtor's default on the Loan, Bank sought appointment of David P. Stapleton as Receiver ("Receiver") to take possession of the Collateral, to preserve, protect and liquidate it, upon court approval, to maximize the value to Bank and Debtor's other creditors.

C.    The Receiver was appointed in his capacity as such over the assets and operations of the Debtor by Order of the Los Angeles Superior Court on March 18, 2021.

D.    Prior to the filing of this bankruptcy case, the Receiver had taken possession of the Debtor's former business premises and begun reviewing some of the Debtor's books and records.

E.    According to Debtor's Bankruptcy Schedules, the outstanding balance of the Loan greatly exceeds the value of the Collateral.

F.    Jason Rund, the Chapter 7 Trustee in this case ("Trustee"), has determined in his business judgment that the Debtor's books, records, and computers (together, "Books and Records"), are burdensome to the Debtor's estate as the estate has insufficient funds to maintain and store the Books and Records and the value thereof does not exceed the amount of the Bank's secured claim.

G.    The Trustee has also determined in his business judgment that it is in the best interests of the Debtor, and the creditors of this bankruptcy estate, that the automatic stay be modified and that the Receiver be granted relief from turnover requirements pursuant to 11 U.S.C.

MOTION OF BANK OF AMERICA, N.A.,
TO APPROVE STIPULATION REGARDING
MODIFICATION OF STAY AND RELIEF
FROM TURNOVER

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626/2689

§ 543(d), for the purpose of allowing the Receiver to take possession of the Debtor's Books and Records, to arrange with the Debtor's former landlord to remove these items from the Debtor's former business premises, and to undertake a forensic analysis of the contents of the Debtor's Books and Records to the extent deemed necessary by the Receiver, as long as the Trustee is granted access to the documents and records to the extent deemed necessary by the Trustee.

H.    Accordingly, the Bank, Trustee, and Debtor have entered into a Stipulation, attached hereto as Exhibit A and incorporated herein by reference, the relevant terms of which are as follows:

1.    Receiver will take possession of the Debtor's Books and Records, maintain, protect, and preserve them, and conduct whatever review or forensic analysis it deems necessary and appropriate in accordance with its rights and obligations pursuant to the Orders entered in the Receivership Case;

2.    Receiver shall provide reasonable access to the Books and Records of Debtor to the Trustee as requested by the Trustee.

3.    The 14-day stay of 11 U.S.C. § 362(a)(3) shall be waived so that the Court's Order approving the Stipulation can take effect immediately upon entry.

4.    The Court shall retain jurisdiction to the extent necessary to interpret, implement, or enforce the terms of the Stipulation.

## **LEGAL ARGUMENT**

Modification of the automatic stay is appropriate under Bankruptcy Code § 362(d)(2) because there is no equity in the Books and Records for the estate and in this Chapter 7 proceeding, there is no effective reorganization in sight.  Pursuant to 11 U.S.C. § 362(d)(2), a party in interest may be granted relief from the automatic stay if: (i) the debtor does not have equity in the property; and (ii) the property is not necessary for an effective reorganization.

The state court-appointed Receiver should also be relieved from the turnover requirements of 11 U.S.C. § 543(d) because the interest of Debtor's creditors, including Bank, would be better served by permitting Receiver to remain in possession, custody, and control of the Books and Records.

MOTION OF BANK OF AMERICA, N.A.,
TO APPROVE STIPULATION REGARDING
MODIFICATION OF STAY AND RELIEF
FROM TURNOVER

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1    WHEREFORE, and in consideration of the foregoing, Bank of America, N.A., respectfully

2    requests that the Court enter an order approving the Stipulation and approving such other and

3    further relief as the Court may deem just and appropriate.  A proposed form of order is attached

4    hereto as Exhibit B and incorporated herein by this reference.

5

6    Dated: May 7, 2021                                SNELL & WILMER L.L.P.

7

8    By: _____
                                                          Michele Sabo Assayag

9    Attorneys for Creditor
10   Bank of America, N.A.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

MOTION OF BANK OF AMERICA, N.A.,
TO APPROVE STIPULATION REGARDING
MODIFICATION OF STAY AND RELIEF
FROM TURNOVER

# EXHIBIT A

1 | SNELL & WILMER L.L.P.
2 | Michele Sabo Assayag
massayag@swlaw.com
3 | 600 Anton Blvd, Suite 1400
Costa Mesa, California  92626-7689
Telephone:    714.427.7000
4 | Facsimile:    714.427.7799

5 | Attorneys for Secured Creditor
Bank of America, N.A.
6 |

7 |

8 |                    UNITED STATES BANKRUPTCY COURT

9 |                    CENTRAL DISTRICT OF CALIFORNIA

10 |                              LOS ANGELES

11 |

12 | MOON COLLECTION, INC.,                    Case No. 2:21-BK-12674-BB

13 |            Debtor                          Chapter 7

14 |                                            **STIPULATION AMONG SECURED
CREDITOR, BANK OF AMERICA,**
15 |                                            **N.A., DEBTOR, MOON COLLECTION,
INC., AND JASON M. RUND, THE**
16 |                                            **DULY APPOINTED CHAPTER 7
TRUSTEE, REGARDING**
17 |                                            **MODIFICATION OF THE
AUTOMATIC STAY AND RELIEF**
18 |                                            **FROM TURNOVER PURSUANT TO
11 U.S.C. § 543(d)**
19 |

20 |

21 |

22 |                              **STIPULATION**

23 |        The Debtor, Moon Collection, Inc. ("Debtor"), Secured Creditor, Bank of America, N.A.

24 | ("Bank"), and Jason M. Rund, the duly appointed Chapter 7 Trustee in the above-captioned

25 | bankruptcy case ("Trustee"), hereby stipulate and agree to modification of the automatic stay and

26 | relief from turnover requirements pursuant to 11 U.S.C. § 543(d), in the above-captioned

27 | bankruptcy case, pursuant to the following facts and recitals:

28 |

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

STIPULATION REGARDING
MODIFICATION OF STAY AND RELIEF
FROM TURNOVER

**RECITALS**

A.    On or about June 4, 2019, Bank made a Loan (the "Loan") to Debtor in the original, principal amount of $5,000,000.00, which Loan was secured by certain personal property of Debtor, including, but not limited to, all accounts, chattel paper, instruments, contract rights, general intangibles, inventory, and all proceeds and profits thereof (collectively, the "Collateral").

B.    Following Debtor's default on the Loan, Bank sought appointment of David P. Stapleton as Receiver ("Receiver") to take possession of the Collateral, to preserve, protect and liquidate it, upon court approval, to maximize the value to Bank and Debtor's other creditors. The Receiver was appointed in his capacity as such over the assets and operations of the Debtor by Order of the Los Angeles Superior Court on March 18, 2021.

C.    Prior to the filing of this bankruptcy case, the Receiver had taken possession of the Debtor's former business premises and begun reviewing some of the Debtor's books and records.

D.    According to Debtor's Bankruptcy Schedules, the outstanding balance of the Loan greatly exceeds the value of the Collateral.

E.    The Trustee has determined in his business judgment that the Debtor's books, records, and computers (together, "Books and Records"), are burdensome to the Debtor's estate as the estate has insufficient funds to maintain and store the Books and Records and the value thereof does not exceed the amount of the Bank's secured claim.

F.    Jason M. Rund, the Chapter 7 Trustee in this case, has also determined in his business judgment that it is in the best interests of the Debtor, and the creditors of this bankruptcy estate, that the automatic stay be modified and that the Receiver be granted relief from turnover requirements pursuant to 11 U.S.C. § 543(d), for the purpose of allowing the Receiver to take possession of the Debtor's Books and Records, to arrange with the Debtor's former landlord to remove these items from the Debtor's former business premises, and to undertake a forensic analysis of the contents of the Debtor's Books and Records to the extent deemed necessary and appropriate by the Receiver, as long as the Trustee is granted reasonable access to the documents and records to the extent deemed necessary by the Trustee.

STIPULATION REGARDING
MODIFICATION OF STAY AND RELIEF
FROM TURNOVER

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

G.    Modification of the automatic stay is appropriate under Bankruptcy Code § 362(d)(2) because there is no equity in the Books and Records for the estate and in this Chapter 7 proceeding, there is no effective reorganization in sight.  Pursuant to 11 U.S.C. § 362(d)(2), a party in interest may be granted relief from the automatic stay if: (i) the debtor does not have equity in the property; and (ii) the property is not necessary for an effective reorganization.

H.    The state court-appointed Receiver should be relieved from the turnover requirements of 11 U.S.C. § 543(d) because the interest of Debtor's creditors, including Bank, would be better served by permitting Receiver to remain in possession, custody, and control of the Books and Records.

## **STIPULATION**

NOW, THEREFORE, the undersigned do hereby stipulate, agree, and acknowledge as follows:

1.    The automatic stay of 11 U.S.C. § 362(a) shall be modified and relief from the turnover requirements of 11 U.S.C. 543(d) shall be granted Bank and Receiver for the limited purpose of permitting Receiver to take possession of the Books and Records, remove them from Debtor's former business premises, store and conduct a forensic analysis of the same to the extent deemed necessary or appropriate by the Receiver in accordance with its duties and obligations pursuant to the orders of the court in the Receivership Case.

2.    The 14-day stay of 11 U.S.C. § 362(a)(3) is hereby waived, and this Court's Order approving this Stipulation shall take effect immediately.

3.    Receiver shall provide reasonable access to the Trustee of the Books and Records of Debtor, as requested by the Trustee.

4.    Nothing in this Stipulation should be construed to waive any claims of Bank against Debtor or the Debtor's estate.  Bank reserves all such rights.

5.    The Court shall retain jurisdiction to interpret, implement, and enforce the provisions of this Stipulation, and the Debtor, the Trustee and Bank hereby consent to the continuing jurisdiction of the Court with respect thereto.

STIPULATION REGARDING
MODIFICATION OF STAY AND RELIEF
FROM TURNOVER

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

6.    This Stipulation may be executed in counterparts (including by means of facsimile transmission or email), each of which when executed shall be deemed to be an original, and such counterparts together shall constitute and be one and the same instrument.

Dated: May 7, 2021                                SNELL & WILMER L.L.P.

By: _____
Michele Sabo Assayag

Attorneys for Creditor
Bank of America, N.A.

Dated: April ___, 2021                            LAW OFFICES OF YOUNG K. CHANG

By: _____
Young K. Chang

Attorneys For Debtor

Dated: April ___, 2021                            By: _____
Jason M. Rund

Chapter 7 Trustee

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

- 4 -

STIPULATION REGARDING
MODIFICATION OF STAY AND RELIEF
FROM TURNOVER

1    5.    The Court shall retain jurisdiction to interpret, implement, and enforce the

2    provisions of this Stipulation, and the Debtor, the Trustee and Bank hereby consent to the

3    continuing jurisdiction of the Court with respect thereto.

4    6.    This Stipulation may be executed in counterparts (including by means of facsimile

5    transmission or email), each of which when executed shall be deemed to be an original, and such

6    counterparts together shall constitute and be one and the same instrument.

7

8    Dated: April ___, 2021                      SNELL & WILMER L.L.P.

9

10                                              By: _____
                                                    Michele Sabo Assayag
11
                                                Attorneys for Creditor
12                                              Bank of America, N.A.

13    Dated: April May 4, 2021                  LAW OFFICES OF YOUNG K. CHANG

14
                                                By: _____
15                                                  Young K. Chang

16                                              Attorneys For Debtor

17

18    Dated: April ___, 2021         By: _____
                                          Jason M. Rund
19
                                     Chapter 7 Trustee
20

21

22

23

24

25

26

27

28

STIPULATION REGARDING
MODIFICATION OF STAY AND RELIEF
FROM TURNOVER

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

6.     This Stipulation may be executed in counterparts (including by means of facsimile transmission or email), each of which when executed shall be deemed to be an original, and such counterparts together shall constitute and be one and the same instrument.

Dated: April ___, 2021                    SNELL & WILMER L.L.P.


                                          By: _____
                                              Michele Sabo Assayag

                                          Attorneys for Creditor
                                          Bank of America, N.A.

Dated: April ___, 2021                    LAW OFFICES OF YOUNG K. CHANG


                                          By: _____
                                              Young K. Chang

                                          Attorneys For Debtor

Dated: April _26_, 2021                   By: _____
                                              Jason M. Rund

                                          Chapter 7 Trustee

- 4 -

STIPULATION REGARDING
MODIFICATION OF STAY AND RELIEF
FROM TURNOVER

# EXHIBIT B

SNELL & WILMER L.L.P.
Michele Sabo Assayag
massayag@swlaw.com
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Telephone:    714.427.7000
Facsimile:    714.427.7799

Attorneys for Secured Creditor
Bank of America, N.A.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES

| | |
|---|---|
| MOON COLLECTION, INC., | Case No. 2:21-BK-12674-BB |
| Debtor | Chapter 7 |
| | **[PROPOSED] ORDER GRANTING MOTION OF SECURED PARTY, BANK OF AMERICA, N.A., TO APPROVE STIPULATION OF THE PARTIES REGARDING MODIFICATION OF THE AUTOMATIC STAY AND RELIEF FROM TURNOVER PURSUANT TO 11 U.S.C. § 543(D)** |
| | Date:    June 1, 2021<br>Time:    10:00 a.m.<br>Judge:    Sheri Bluebond |

Upon consideration of the Motion of Secured Party, Bank of America, N.A., to Approve Stipulation of the Parties Regarding Modification of the Automatic Stay and Relief From Turnover Pursuant to 11 U.S.C. 543(d) (the "Motion") filed by Bank of America, N.A. ("Bank of America"), a secured creditor of the Debtor, Moon Collection, Inc. ("Debtor"), seeking approval of the

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

[PROPOSED] ORDER GRANTING
MOTION OF BANK OF AMERICA, N.A.,
TO APPROVE STIPULATION REGARDING
MODIFICATION OF STAY AND RELIEF
FROM TURNOVER

Stipulation of Secured Creditor, Bank of America, N.A., Debtor, Moon Collection, Inc., and Jason M. Rund, the Duly Appointed Chapter 7 Trustee, Regarding Modification of the Automatic Stay and Relief From Turnover Pursuant to 11 U.S.C. § 543(d) (the "Stipulation") [Dkt ___] by and between the Debtor, Bank of America and Jason M. Rund, the duly appointed Chapter 7 trustee (the "Trustee"), and finding good and sufficient cause therefor;

**IT IS HEREBY ORDERED** that:

1.      The Motion is granted in its entirety.

2.      The Stipulation is approved in its entirety.

3.      Bank of America and David P. Stapleton ("Receiver") the duly appointed receiver in *Bank of America, N.A. v. Moon Collection, Inc.,* Los Angeles Superior Court Case No. 20STCV29150 ("Receivership Case"), shall be granted a modification of the automatic stay under 11 U.S.C. § 362(d) to the extent necessary to allow the Receiver to take possession of the Debtor's books, records, and computers ("Books and Records"), to arrange with the Debtor's former landlord to remove these items from the Debtor's former business premises, and to undertake a forensic analysis of the contents of the Debtor's Books and Records to the extent deemed necessary and appropriate by the Receiver.

4.      Receiver shall be granted relief from turnover pursuant to 11 U.S.C. 543(d) with respect to the Debtor's Books and Records.

5.      Receiver shall provide reasonable access to the Debtor's Books and Records to the Trustee as requested by the Trustee.

6.      For good cause, the 14-day stay of 11 U.S.C. § 362(a)(3) is hereby waived, and this Court's Order approving the Stipulation shall take effect immediately.

7.      Nothing in the Stipulation should be construed to waive any claims of Bank of America against the Debtor's estate.

[PROPOSED] ORDER GRANTING
MOTION OF BANK OF AMERICA, N.A.,
TO APPROVE STIPULATION REGARDING
MODIFICATION OF STAY AND RELIEF
FROM TURNOVER

1    8.    The Court shall retain jurisdiction to interpret, implement, and enforce the

2    provisions of the Stipulation.

3                                         ###

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

- 3 -

[PROPOSED] ORDER GRANTING
MOTION OF BANK OF AMERICA, N.A.,
TO APPROVE STIPULATION REGARDING
MODIFICATION OF STAY AND RELIEF
FROM TURNOVER

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 600 Anton Blvd., Suite 1400, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): **MOTION OF SECURED PARTY, BANK OF AMERICA, N.A., TO APPROVE STIPULATION OF THE PARTIES REGARDING MODIFICATION OF THE AUTOMATIC STAY AND RELIEF FROM TURNOVER PURSUANT TO 11 U.S.C. § 543(D)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 7, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Young K Chang**    ybklaw3@gmail.com, r56349@notify.bestcase.com
- **Jason M Rund (TR)**    trustee@srlawyers.com, jrund@ecf.axosfs.com
- **Allan D. Sarver**  ads@asarverlaw.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On **May 7, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Moon Collection, Inc.                          U.S. Small Business Administration
1900 E. 25th Street                            Office of Disaster Assistance
Los Angeles, CA 90058                          1545 Hawkins Blvd., #202
                                               El Paso, TX 79925

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 7, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Sheri Bluebond
U.S.B.C., Central District of California
255 E. Temple Street, Suite 1534/Courtroom 1539
Los Angeles, CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 7, 2021 | ISABEL DELGADO | /s/ Isabel Delgado |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.